Argued and submitted July 14, affirmed December 29, 1999

In the Matter of
Jaron Ezra Lander, a Minor Child.

STATE ex rel STATE OFFICE FOR SERVICES
TO CHILDREN AND FAMILIES,
*Respondent,*

*v.*

Naomi Lavelle DUNCAN,
aka Willow Duncan,
*Appellant.*

(97-405J-02; CA A104688)

993 P2d 818

James A. Palmer argued the cause and filed the brief for appellant.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LINDER, P. J.

## LINDER, P. J.

Mother appeals a judgment terminating her parental rights to her six-year-old child. As we explain below, because mother's challenge is directed to only one of two grounds on which the termination order is based, we affirm.

Mother, who was 36 years old at the time of the termination proceeding, has a 25-year history of alcohol and drug abuse. In recent years, she became addicted to heroin. On a daily basis, she was under the drug's influence from the time she awoke until she went to sleep at night. Throughout most of mother's adult life, she has lived transiently and often homelessly. She also frequently has lived in situations in which she has been a victim of domestic abuse and violence. She has supported her heroin addiction by engaging in prostitution, for which she has been arrested several times. Child's father, whose rights also were terminated and who has not appealed, similarly was addicted to heroin and supported his addiction by committing robberies. Through the years, mother has made numerous unsuccessful efforts to enter and complete detoxification and drug treatment programs. In the six years preceding this termination proceeding, she did so nine times.

Due to mother's lifestyle, child has grown up witnessing domestic violence, drug abuse, and his parents' arrests on criminal charges. He has personally experienced a life of homelessness, transience, hunger, and insecurity, all of which have scarred him emotionally. He suffers from post-traumatic stress disorder, caused by experiences in which his own life or the lives of those he loves have been threatened. As a result of his disorder, he has behavioral problems; he is subject to angry outbursts; he is highly anxious; he suffers from nightmares; he has abnormal fears about adult figures simply disappearing from his life and not being there for him; he hoards and steals food.

After the State Office for Services to Children and Families (SOSCF) took child into protective custody and placed him in foster care, mother several times agreed to go through detoxification and drug treatment programs. Each

time, she either did not start the program or she quit shortly after starting. Two months after child went into foster care, mother stopped visiting him and had no contact with him for eight months. SOSCF filed a petition seeking termination of mother's rights. One month later, mother voluntarily entered a detoxification facility and residential drug treatment program. At the time of the termination hearing, she had completed the residential program, had been drug-free for four months, and was living in a "recovery house" where she was continuing to live drug-free and learning to cope without drugs. Predictions about her potential for lasting success were mixed. Individuals involved in mother's recovery had seen a dramatic change in her and were guardedly optimistic. The psychologist who evaluated mother for SOSCF believed that, in light of mother's history, her limited insights into her problems and the impact of them on child, her recent success in treatment could not be construed as significant progress or an indication of permanent change.

In terminating mother's parental rights based on unfitness, ORS 419B.504, the trial court found that, despite mother's recent success in treating her drug addiction, "integration of the child into the mother's home is improbable within a reasonable time." On appeal, mother takes issue with that finding. Relying on *State ex rel SOSCF v. Armijo*, 151 Or App 666, 950 P2d 357 (1997), she argues that given her success in the residential treatment program, her four months of remaining drug-free, and the optimism of some of the people in the program about her potential for lasting success, the state failed to carry its burden of proof on the point by clear and convincing evidence. In response, the state argues that *Armijo* is distinguishable on its facts. The state also points out that *Armijo* was decided when the statute required a showing that reintegration is improbable "in the foreseeable future." ORS 419B.504 (1995); *see State ex rel SOSCF v. Wilcox*, 162 Or App 567, 575-76, 986 P2d 1172 (1999) (concluding that former statutory standard focused on the *parent's* conduct and whether it was likely to change in the foreseeable future). The statute now requires reintegration to be improbable "within a reasonable time" and defines that to mean "a period of time that is reasonable given a

child's emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419B.504 (1997); ORS 419A.004(17).[1]

■ Before taking the case under advisement and reviewing the trial court file and the pleadings, we were unaware that in terminating mother's rights, the trial court relied on two independent grounds.[2] In addition to unfitness, the trial court also granted the petition on the ground of neglect, finding that, without reasonable and lawful cause, mother had failed to provide for child's basic physical and psychological needs for six months prior to the filing of the petition. Mother's challenge on appeal, however, bears only on the unfitness determination. Neglect, unlike unfitness, does not require a showing that it is improbable that the child can be reintegrated into the parent's home within a reasonable time. *Compare* ORS 419B.504 (unfitness) *with* ORS 419B.506 (neglect).

Thus, mother's appeal raises no challenge to the termination of her parental rights on the independent and adequate ground of neglect. Nor did the record, in the course of our review of the issue that mother did raise, reveal any basis for such a challenge. Accordingly, we affirm the judgment without addressing mother's challenge to the juvenile court's ruling on unfitness.

Affirmed.

---

[1] The state did not address the statutory change in its brief but did so at oral argument. The trial court, in distinguishing *Armijo* in its order, specifically considered the change in the statutory standard and relied on it, as well as on factual distinctions that it found between this case and *Armijo*.

[2] In describing the judgment in the statement of the case, appellant's brief described it only as a judgment that "terminated the parental rights of the mother" and permanently committed child to SOSCF's care, custody, and control. Appellant's brief was similarly generic in describing the nature of the proceeding. It stated simply that the state "filed and proceeded based upon ORS 419B.200 *et seq.*" Although the brief appended the trial court's termination order, that order did not specify the grounds for termination but, rather, cross-referenced the relevant paragraphs in the petition. The petition was not appended to either of the parties' briefs nor contained in an abstract in appellant's brief. Thus, until we reviewed the file and the pleadings, nothing made it apparent (and the parties did not tell us) that the petition had been filed on three independent grounds—unfitness, neglect, and abandonment—and had been granted on two of those three grounds—unfitness and neglect.