Argued and submitted November 8, 2005, affirmed January 18, petition for review denied April 4, 2006 (340 Or 359)

In the Matter of
Nicholas R. Thompson, a Minor Child.

## STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

## Linda PARMENTIER,
aka Linda Thompson, aka Linda Stone,
*Appellant.*

030010JV; A128367

127 P3d 652

Robin L. Wolfe and Bertoni & Todd filed the brief for appellant.

Laura Anderson, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Mother appeals from a judgment terminating her parental rights to her six-year-old son, N. ORS 419B.500. The trial court terminated mother's parental rights based on mother's alleged unfitness, ORS 419B.504, and mother's alleged neglect, ORS 419B.506, both of which are independent statutory grounds for termination. On appeal, mother challenges only the former ground for termination and not the latter. Because mother has failed to challenge an independent and sufficient ground for termination, we must affirm. *See State ex rel SOSCF v. Duncan*, 164 Or App 610, 614, 993 P2d 818 (1999), *rev den*, 330 Or 361 (2000).

An extensive recounting of the historical facts of the sort that frequently appears in our published opinions reviewing terminations of parental rights would be of no public benefit in this case. Nevertheless, because this case presents an issue of nonpreservation that is of utmost importance in appeals involving termination of parental rights, we briefly outline the procedural posture that circumscribes our review.

This case involves mother's youngest son, N, born January 27, 1999. Mother had a history of alcoholism, domestic violence, and concomitant involvement with the Department of Human Services (DHS). Nevertheless, N remained in mother's care until March 2003, when he was removed by a DHS caseworker after mother left Lake County in violation of her probation and left N in the care of others. It is undisputed on this record that mother's actions in that regard were not related to alcohol or substance abuse or domestic violence.

On March 17, 2003, DHS petitioned for jurisdiction. The petition alleged that mother has "severe alcohol and/or drug abuse" problems and that she has a history of abusive relationships. The petition also alleged that mother had left the county in violation of the terms of her probation without making "adequate arrangements for [N's] care in her absence." The petition further noted that mother was incarcerated at the time of the petition due to the probation violation and was consequently unable to act as a parent. Finally,

the petition recommended that mother participate in treatment before resuming care of N.

On May 6, 2003, mother signed a service agreement with DHS requiring her to participate in drug and alcohol treatment. The extent of mother's compliance with that service agreement and the validity of mother's justification for any noncompliance are in dispute.

On July 7, 2004, DHS filed a petition to terminate mother's parental rights with respect to N. The petition alleged that mother's rights should be terminated on grounds of mother's unfitness, ORS 419B.504,[1] and mother's neglect, ORS 419B.506.[2]

Mother disputed the petition. At the hearing on termination, mother argued and presented evidence that her alcoholism was not detrimental to N—and, indeed, that N had never suffered any detriment from mother's alcoholism either before his removal or thereafter. Second, mother argued that, to the extent that she had failed to complete the required drug and alcohol treatment, that failure was the result of her financial circumstances rather than an unwillingness to participate. Ultimately, the trial court entered a judgment terminating mother's parental rights. The court based its judgment on the two alternative grounds of unfitness and neglect. Regarding the unfitness ground, the court stated:

> "[Mother] is unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the mother's home is improbable within a reasonable time due to conduct or conditions not likely to change, including the following:

_____

[1] ORS 419B.504 provides, in part:

"The rights of the parent or parents may be terminated * * * if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change."

[2] ORS 419B.506 provides, in part:

"The rights of the parent or parents may be terminated * * * if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child or ward for six months prior to the filing of a petition."

"a) Criminal conduct that impairs the parent's ability to provide adequate care for the child.

"b) Addictive or habitual use of intoxicating liquors or controlled substances to the extent that parental ability has been substantially impaired.

"c) Failure to obtain and maintain a suitable or stable living situation for the child so that return of the child to the parent is possible.

"d) Failure to present a viable plan for the return of the child to the parent's care and custody.

"e) Failure to learn or assume parenting skills sufficient to provide for the safe and proper raising of the child.

"f) Mental, emotional, or psychological abuse of the child.

"g) Mother's actions have caused physical and emotional neglect of the child.

"h) Lack of effort to adjust the parent's circumstances, conduct or conditions to make return of the child to the parent possible.

"i) Failure to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

Regarding the neglect ground, the court stated:

"[Mother] has failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for six months prior to the filing of the petition as shown by her:

"a) Failure to implement a plan designed to lead to the integration of the child into the mother's home."

*Cf. State ex rel DHS v. Squiers*, 203 Or App 774, 789, 126 P3d 758 (2006) (rejecting legal sufficiency of similar allegation of neglect).

Mother timely appealed the circuit court judgment. On appeal she raises two assignments of error. The first assignment of error states:

"The trial court erred in terminating * * * mother's parental rights because under ORS 419B.504, the state did not meet their burden in showing that * * * mother is unfit by reason of conduct or condition that is seriously detrimental to the child; specifically, the state did not prove that mother's alcohol condition was detrimental to her child."

Mother's second assignment of error states:

"Even if this court finds that * * * mother's alcohol condition satisfied the first element of ORS 419B.504, the trial court erred in terminating * * * mother's parental rights under ORS 419B.504(5) because [DHS] failed to make reasonable efforts in assisting mother to make the lasting adjustments necessary to integrate her child back into her home."

By its express terms, each assignment of error addresses only the propriety of the circuit court's "unfitness" determination under ORS 419B.504. Nowhere in mother's brief on appeal did she purport to challenge the correctness of the trial court's independent and sufficient alternative determination that termination was also justified because of neglect. Indeed, mother's brief does not include a single citation to ORS 419B.506.[3]

We are thus faced with an appeal in which mother has advanced colorable challenges to one ground for termination but has failed to challenge an independent, alternative basis for termination. Mother's prosecution of the appeal in that fashion is inherently flawed. That is, as a practical and legal matter, it makes no sense to advance substantial arguments challenging one basis for termination where any consideration of those arguments will necessarily be precluded by the failure to assign error to the alternative ground for termination. *See Duncan*, 164 Or App at 614 (affirming termination because mother's appeal "raise[d] no challenge to the termination of her parental rights on the independent and adequate ground of neglect").

Nevertheless, that is what occurred in this case. Accordingly, we have no choice but to affirm the judgment of termination.

Affirmed.

---

[3] Mother's attorney waived oral argument.