Submitted on record and briefs September 19, 1997, remanded for resentencing; otherwise affirmed January 21, 1998

STATE OF OREGON,
*Respondent - Cross-Appellant,*

*v.*

CHRISTOPHER WIMBERLY,
*Appellant - Cross-Respondent.*

(95C22865; CA A92731)

952 P2d 1042

Sally L. Avera, Public Defender, filed the brief for appellant - cross-respondent.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent - cross-appellant.

Before Deits, Chief Judge, and Edmonds and Armstrong, Judges.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals from a judgment convicting him of unlawful use of a weapon, ORS 166.220, felon in possession of a firearm, ORS 166.270, and unlawful possession of a firearm, ORS 166.250. He appeals pursuant to *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), and presents no assignments of error. The state cross-appeals, arguing that the trial court erred by not imposing a minimum mandatory sentence, or "gun minimum," under ORS 161.610 on the conviction for unlawful use of a weapon. We remand for resentencing.

At sentencing, the state asked the trial court to impose a minimum mandatory sentence of five years, pursuant to ORS 161.610, on the conviction for unlawfully using a weapon on the ground that defendant had used a firearm in the course of committing the felony. Defendant argued that that was inappropriate because the pleadings did not indicate that the state was going to seek "a firearms charge." He also argued that the indictment did not allege "use" of a firearm and that an allegation of a "discharge" of a firearm is not the same thing as an allegation of "use" of a firearm.

The trial court found that defendant did use a firearm during the commission of a felony and that "there are no mitigating circumstances that would persuade me not to impose an enhanced penalty."[1] However, the court concluded that, under ORS 161.610(2), it lacked authority to impose the gun minimum because the words "with a firearm" were not included in the caption of the indictment. Instead, the court imposed an 18-month durational departure sentence on the conviction for unlawful use of a weapon. It also imposed a consecutive 18-month dispositional departure on the felon in possession conviction and a concurrent six-month jail term on the conviction for unlawful possession of a firearm.

The state asserts in its cross-appeal that it is not necessary to include the language "with a firearm" in the caption of an indictment for a gun minimum to be imposed under

[1] This was the first time that defendant under ORS 161.610. Accordingly, the sentencing court was not required to impose the minimum sentence. ORS 161.610(5). ...is potentially subject to punishment

ORS 161.610(2) and that, in any event, a gun minimum could be imposed under ORS 161.610(3). ORS 161.610 provides, in pertinent part:

> "(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

> "(3) * * * [I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *.

> "(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

> "(a) * * * [U]pon the first conviction for such felony, five years[.]"

■ The trial court read subsection (2) as requiring, under all circumstances, that a defendant must be given notice that he or she is subject to the enhanced penalty by the inclusion of the words "with a firearm" in the caption of the indictment. We have held, however, that ORS 161.610(2) does not require that an indictment include that phrase in the caption. *State v. Cesario*, 94 Or App 262, 764 P2d 981 (1988). Regardless, as the state points out, the requirements of subsection (3) were satisfied here and that subsection alone provides authority for the imposition of the gun minimum. Under subsection (3), the enhanced penalty is required when use of a firearm is an element of the felony of which the defendant is convicted. When it is alleged and proven that a defendant committed a crime that has as an element the defendant's use or threatened use of a firearm, ORS 161.610(3) authorizes imposition of the gun minimum.

■     Here, the underlying felony was "unlawful use of a weapon." To prove the crime of unlawful use of a weapon, the state alleged, following the language of ORS 166.220(1)(a) and (b),[2] that defendant "intentionally discharge[d] a firearm" within the city limits of Salem, "at or in the direction of a person, building, structure and vehicle" within the range of the weapon. The jury was instructed on that charge that it must find that defendant "intentionally discharged a firearm" in order to reach a guilty verdict. The jury was further instructed that if it found defendant guilty, it was to answer the following question: "During the commission of this felony[,] did defendant use or threaten the use of a firearm?" The jury convicted defendant of the crime of unlawfully using a firearm and specifically found that he used or threatened to use the firearm while committing the crime. Accordingly, we conclude that the court erred in concluding that it lacked authority to impose a minimum mandatory sentence under ORS 161.610 on defendant's conviction for unlawful use of a weapon.

Remanded for resentencing; otherwise affirmed.

---

[2] ORS 166.220 provides, in pertinent part:

"(1)  A person commits the crime of unlawful use of a weapon if the person:

"(a)  Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015; or

"(b)  Intentionally discharges a firearm, blowgun, bow and arrow, crossbow or explosive device within the city limits of any city or within residential areas within urban growth boundaries at or in the direction of any person, building, structure or vehicle within the range of the weapon without having legal authority for such discharge."