Submitted October 29, affirmed November 24, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFERY ALLEN MEDLEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
081053319; A141363

243 P3d 147

Peter Gartlan, Chief Defender, and Irene B. Taylor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Kristen G. Williams, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

A jury convicted defendant of attempted first-degree theft, ORS 164.055(1), and unlawful entry into a motor vehicle. ORS 164.272. Defendant assigns error to the trial court's refusal to merge the jury's verdicts on those charges into a single conviction. We affirm.

■ Portland police received a tip that defendant was trying to pick up a motorcycle that did not belong to him while it was lying on its side on a residential street. When an officer arrived at the scene, defendant was sitting on the motorcycle, trying to start the engine. After the owner of the motorcycle confirmed that she did not know defendant, the officer arrested defendant. For that conduct, defendant was charged with attempted first-degree theft and unlawful entry into a motor vehicle. A jury convicted him of both counts. At sentencing, defendant asked the court to merge the two convictions, the court declined, and defendant appeals.

■ Oregon's "anti-merger" statute, ORS 161.067(1), provides that, "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Under that statute, for a single criminal act or criminal episode to give rise to more than one statutory violation, three requirements must be satisfied: (1) the defendant must have engaged in acts that are "the same criminal conduct or episode"; (2) the defendant's acts must have violated two or more "statutory provisions"; and (3) each "statutory provision" must require "proof of an element that the others do not." *State v. Parkins*, 346 Or 333, 348, 211 P3d 262 (2009). In this case, the first and second requirements are not at issue. The parties agree that both convictions arose from the same criminal episode, and defendant acknowledges that the convictions involved "separate crimes based on two different 'statutory provisions.' " Defendant's challenge, rather, is narrowly focused on his contention that the elements of unlawful entry into a motor vehicle are "totally subsumed" into the elements of attempted first-degree theft and, therefore, the third requirement for separate convictions under ORS 161.067(1) is not satisfied.

■ To determine whether separate convictions may be entered under ORS 161.067(1), we examine only the statutory elements of each offense, not the underlying factual circumstances of the crime. *State v. Wright*, 150 Or App 159, 162, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998).[1] ORS 164.055(1) (2007)[2] provides, in part:

> "A person commits the crime of theft in the first degree if, by means other than extortion, the person commits theft as defined in ORS 164.015 and:

> "(a) The total value of the property in a single or aggregate transaction is $200 or more in a case of theft by receiving, and $750 or more in any other case[.]"

ORS 164.015 provides, in part:

> "A person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person:

> "(1) Takes, appropriates, obtains or withholds such property from an owner thereof[.]"

Under ORS 161.405(1), a person is guilty of an attempt to commit a crime "when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Finally, ORS 164.272(1) provides that, "[a] person commits the crime of unlawful entry into a motor vehicle if the person enters a motor vehicle * * * or any part of a motor vehicle, with the intent to commit a crime."

According to defendant, to be convicted of attempted first-degree theft, he must have intentionally engaged in conduct constituting a substantial step towards depriving the victim of her property. Similarly, as defendant sees things, to be convicted of unlawful entry into a vehicle, defendant must have entered into a motor vehicle with the intent to commit

---

[1] However, when a particular statute can be violated in alternative ways, the court looks to the indictment to determine the combination of elements that make up the crimes of which the defendant was convicted. *State v. Nunn*, 110 Or App 96, 98, 821 P2d 431 (1991), *rev den*, 313 Or 211 (1992).

[2] ORS 164.055(1)(a) was amended by Oregon Laws 2009, chapter 16, section 3. The amendments, which in any event are not substantively pertinent to the present analysis, became effective after defendant committed the offenses at issue in this case.

the crime of theft. That is, both crimes require the intent to deprive the victim of property. The only difference in elements, in defendant's view, is the element in first-degree attempted theft that the property must have a value of $750 or more, a difference that makes that charge the greater of the two, and the unlawful entry charge the lesser-included offense.[3] We disagree.

To commit attempted first-degree theft under ORS 164.055(1) and ORS 161.405(1), defendant must have (1) intentionally (2) taken a substantial step toward (3) taking another person's property (4) that was worth $750 or more. On the other hand, to convict defendant of violating ORS 164.272, the state was required to prove that defendant (1) entered a motor vehicle, or any part of a motor vehicle (2) with the intent to commit a crime. It is evident that the offense of unlawful entry into a motor vehicle requires proof of an additional element—"entry"—that attempted first-degree theft does not. Moreover, as defendant acknowledges, the value element of attempted first-degree theft is not included in the unlawful entry offense. Finally, attempted first-degree theft contains another element that unlawful entry into a motor vehicle does not—intent to deprive another of property. Because of those divergences, the two offenses each required proof of one or more elements not included in the other, and the trial court properly refused to merge the guilty verdicts into a single conviction.

Affirmed.

---

[3] Alternatively, defendant argues that, contrary to our holding in *Wright*, we should consider the elements of the offenses as alleged in the indictment, observe that both pleaded crimes involved a particular item of property, the motorcycle, and treat the commission of the attempted theft as necessarily including the unlawful taking of the motorcycle, a motor vehicle. Because that argument is contrary to our previous decisions and, in any event, is of no assistance to defendant's cause, we reject it without discussion.