STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID CONSTANCIO FLORES,
*Defendant-Appellant.*

Multnomah County Circuit Court
100331053; A148139

313 P3d 378

Mary M. Reese, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

### SCHUMAN, P. J.

Defendant was convicted of unlawful use of a weapon with a firearm and felon in possession of a firearm with a firearm. As explained below, these awkward and somewhat redundant crime titles result from the fact that unlawful use of a weapon, ORS 166.220,[1] and felon in possession of a firearm, ORS 166.270,[2] are both felonies, and ORS 161.610(2) provides that "[t]he use or threatened use of a firearm *** by a defendant during the commission of a felony" creates an "aggravated *** crime" that "may be indicated by adding the words 'with a firearm' to the title of the offense." On appeal, defendant contends that the trial court erred in failing to merge the two guilty verdicts into a single conviction for felon in possession of a firearm with a firearm; in the alternative, he argues that, if the convictions do not merge, then the court erred in imposing consecutive sentences. We conclude that the convictions merge and that, therefore, the court erred in imposing consecutive sentences. We therefore reverse and remand.

For purposes of this appeal, only a few facts are relevant, and, because defendant was found guilty by a jury, we recite them in the light most favorable to the state. *State v. Johnson*, 342 Or 596, 598, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008). Defendant is a felon and, during a heated dispute with an acquaintance, he possessed a handgun and threatened to use it against the acquaintance. As a result, he was charged with, and convicted of, the two crimes described above.[3] After the jury returned its verdict,

---

[1] ORS 166.220 provides, in part:

"(1) A person commits the crime of unlawful use of a weapon if the person:

"(a) Attempts to use unlawfully against another *** any dangerous or deadly weapon as defined in ORS 161.015[.]"

[2] ORS 166.270 provides, in part:

"(1) Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

[3] Defendant was also charged with, but acquitted of, attempted murder with a firearm, assault in the first degree with a firearm, and assault in the second degree with a firearm.

defendant argued that the two convictions should merge or, if not, that he should receive concurrent sentences. The court rejected both of those arguments. This appeal ensued.

Merger of convictions is governed by ORS 161.067 and case law construing it. The statute provides, in part:

"(1)   When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2)   When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims.

"(3)   When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent[.]"

The state contends that the court properly denied merger based on subsections (1) and (2).

We begin with subsection (1). Although the text of that subsection establishes when the court may *not* merge, it has been interpreted to imply its converse, that is, when the court *must* merge: Merger must occur when a defendant's acts constitute the same conduct or criminal episode, violate two or more statutory provisions, and all the elements of one offense are necessarily included in the commission of the other offense. *State v. Blake*, 348 Or 95, 99, 228 P3d 560 (2010) ("[I]f one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense [and] * * * there is only one separately punishable offense."). For purposes of the analysis under subsection (1), the parties agree that defendant's acts constitute a single criminal

episode and violate two statutory provisions. They dispute whether all of the elements of unlawful use of a weapon with a firearm are subsumed in the elements of felon in possession of a firearm with a firearm.[4]

That dispute, in turn, depends on whether the "with a firearm" factor from ORS 161.610(2) is an element of the offense that it aggravates. According to defendant, the elements of FIP are: (1) defendant is a felon, and (2) defendant owns, possesses or controls (3) a firearm. However, defendant argues, FIP is not the crime under which he was indicted and convicted; rather, he was indicted and convicted under FIP-firearm. That is so, defendant argues, according to the plain text of ORS 161.610(2):

> "The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. *When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense.* The unaggravated crime shall be considered a lesser included offense."

(Emphasis added). Thus, the elements of FIP-firearm are (1) defendant is a felon, (2) defendant owns, possesses, or controls (3) a firearm, and (4) defendant used or threatened use of a firearm while committing a felony. By similar logic, defendant maintains that he was also convicted, not of UUW, but of UUW-firearm; the elements of that latter crime (as charged in this case) are (1) a person (2) attempts to use unlawfully against another[5] (3) a dangerous or deadly weapon, and, in doing so, (4) threatens to use a firearm (5) during the commission of a felony.

---

[4] Hereafter, we refer to "felon in possession of a firearm" as FIP; "felon in possession of a firearm with a firearm" as FIP-firearm; "unlawful use of a weapon" as UUW; and "unlawful use of a weapon with a firearm" as UUW-firearm.

[5] Although ORS 166.220 defines UUW as occurring if the person either "[a]ttempts to use [a dangerous or deadly weapon] unlawfully against another" or "carries or possesses [such a weapon] with intent to use [it] unlawfully against another," we look to the indictment or jury instruction to determine which form of the crime is relevant for purposes of merger. *State v. Gray*, 240 Or App 599, 609 n 4, 249 P3d 544, *rev den*, 350 Or 574 (2011). Here, the court instructed the jury to find defendant guilty if he "attempted to use" a dangerous or deadly weapon.

Defendant then goes on to reason that the elements of FIP-firearm subsume or contain all of the elements of UUW-firearm, as follows: If defendant was proved to be a felon, he must be a person; if defendant was proved to have used or attempted to use a firearm while committing a felony, he must also have attempted to use a dangerous or deadly weapon against another. Thus, defendant concludes, the crime of UUW-firearm does not require proof of any element that is not also required to prove FIP-firearm; the former therefore must merge into the latter.

The state challenges this outcome primarily by arguing that ORS 161.610(2), the "with a firearm" statute, does not create an *element* of the offenses to which it is appended; rather, it is merely a "sentence-enhancement fact," and case law establishes that sentence-enhancement facts are not elements of the crime whose sentence they enhance. That being the case, the state reasons, merger was prohibited, because UUW contains an element (an attempt to unlawfully use a weapon) not found in FIP, and FIP contains an element (offender is a felon) not found in UUW. In support of the argument that the "with a firearm" provision is a sentence-enhancing fact and not an element, the state relies on several cases: *State v. Sawatzky*, 339 Or 689, 125 P3d 722 (2005); *State v. Travalini*, 215 Or App 226, 168 P3d 1159 (2007), *rev den*, 344 Or 110 (2008); *State v. Wright*, 150 Or App 159, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998); and *State v. Merrill*, 135 Or App 408, 899 P2d 712 (1995), *rev dismissed*, 323 Or 73 (1996). Each of those cases holds (or states) that a sentence-enhancement fact is not an element of the enhanced crime.

Nonetheless, we find none of the cases persuasive, because none deals with ORS 161.610(2), the "with a firearm" statute at issue here.[6] The terms of that statute are unambiguous. Again, it provides:

---

[6] *Sawatzky* dealt with ORS 137.671(1), which permits a court to impose a sentence departing from the presumptive range under the sentencing guidelines if it determines that "there are substantial and compelling reasons" to do so. 339 Or at 692, 694-95. *Travalini* applied an administrative rule promulgated pursuant to ORS 137.667, which authorizes the Oregon Criminal Justice Commission to modify sentencing guidelines to conform to legislation. 215 Or App at 229. *Merrill* and *Wright* applied ORS 135.711, which requires an accusatory instrument to allege facts sufficient to constitute a subcategory of a crime in the crime seriousness scale promulgated by administrative rule. *Merrill*, 135 Or App at 411; *Wright*, 150 Or App at 161.

"The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an *element* in aggravation of the crime as provided in this section. When *a crime* is so pleaded, the aggravated nature of *the crime* may be indicated by adding the words 'with a firearm' to the title of *the offense.* The unaggravated crime shall be considered a lesser included offense."

ORS 161.610(2) (emphases added). The proscribed conduct—use or threatened use of a firearm during the commission of a felony—is expressly designated an *element.* Adding it to an offense creates a new crime, the aggravated crime, which is separate from the "unaggravated crime."

Defendant's understanding is supported by long-standing Supreme Court precedent. In *State v. Wedge,* 293 Or 598, 601, 652 P2d 773 (1982), the defendant was convicted after a jury returned guilty verdicts on charges of first-degree robbery, burglary, assault, and theft. In sentencing the defendant, the court—not the jury—found as fact that the defendant had violated an earlier version of ORS 161.610, which provided for a minimum five-year sentence for use or threatened use of a firearm during the commission of a crime. *Id.* at 603. The defendant argued that, because the use of a firearm was an element of the crime for which he had been convicted, he had a right under Article I, section 11, of the Oregon Constitution to a jury determination as to that element. The Supreme Court agreed:

"Although the challenged statute is denominated an enhanced penalty statute, in effect it creates a new crime. The jury only considered evidence offered on the question of first degree robbery, and convicted him of that offense, but the defendant was sentenced on the basis of having been found guilty of the crime of 'first degree robbery using a firearm.' If the legislature had actually described the crime as 'first degree robbery using a firearm' the use of a firearm would certainly be an element and there would be no doubt defendant would have a right to a jury determination of guilt. The legislature cannot eliminate constitutional protections by separating and relabeling elements of a crime."

*Id.* at 608. When *Wedge* was decided, subsection (2) had not yet been enacted. After *Wedge,* the legislature added that

provision, including the language asserting that "with a firearm" creates a new crime. Accordingly, we conclude that the "with a firearm" provision is an element of both crimes with which defendant was charged.

The state, however, argues in the alternative that, even if the "with a firearm" provision adds an element to crimes for the purposes of merger, in the present case, that element was *not* added to defendant's conviction for FIP. That is so, the state argues, because, when a single trial results in convictions for more than one "with a firearm" felony, the court can impose only one "with a firearm" sentence. *State v. Hardesty*, 298 Or 616, 618-19, 695 P2d 569 (1985). Here, as the state notes correctly, the judgment document specifies that the "with a firearm" provision was added only to the UUW count. Thus, the state contends,

> "[a] person could commit unlawful use of a weapon under ORS 166.220(1) by attempting to use the firearm without being a felon as required for 'felon in possession of a firearm with a firearm' under ORS 166.270 and ORS 161.610. And a person could commit 'felon in possession of a firearm with a firearm' under ORS 166.270(1) and ORS 161.610 by threatening the use of a firearm without attempting to use it as required for unlawful use of a weapon under ORS 166.220(1)(a)."

The problem with the state's argument is that the rule from *Hardesty* is not relevant here. Although the judgment recites a conviction on Count 5 for FIP with no added language about "with a firearm," the fact remains that defendant was charged in Count 4 with UUW *with a firearm* and, in Count 5, with FIP *with a firearm*. The jury returned guilty verdicts on those charges:

> "We the jury * * * find our verdicts upon the counts as follows: * * *
>
> "Count 4, Unlawful Use of a Weapon with a firearm, guilty. And the answer to the question: Was this done with a firearm? Yes.
>
> "Count 5, Felon in Possession of a Firearm, with a firearm, guilty. And use of a firearm, yes."

The fact that the court applied the rule from *Hardesty* in sentencing defendant does not alter the fact that defendant was charged with, and found guilty of, two felonies, each of

which had a "with a firearm" element, and, for that reason, the counts should have been merged before sentencing even occurred.

The state, as noted above, maintains that, even if the two counts merge for purposes of ORS 161.067(1)—or, more accurately, *because* the two counts merge—the court nonetheless correctly denied merger under ORS 161.067(2), which provides:

> "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

According to the state, this court held in *State v. Owens*, 102 Or App 448, 795 P2d 569, *rev den*, 311 Or 13 (1990), and other cases that, when two crimes merge into a single conviction under ORS 161.067(1), the crimes consequently involve "the same conduct or criminal episode" for purposes of ORS 161.067(2). Merger with respect to the number of crimes under subsection (1) into a single conviction, in other words, simply raises the question of merger with respect to the number of victims in that "single" conviction. Further, the argument continues, under *State v. Torres*, 249 Or App 571, 578, 277 P3d 641, *rev den*, 352 Or 378 (2012), we held that, for purposes of merger analysis, the "victim" in a FIP case is the public. Thus, the state reasons, merger was prohibited under ORS 161.067(2) because the violation of the single statutory provision involved two victims: the individual whom defendant threatened with a firearm, and the general public.

Defendant, for his part, argues that *Owens* was wrongly decided; the plain text of ORS 161.067(2) unambiguously establishes as a predicate the violation of two statutory provisions. We disagree. In that case, we reasoned that

> "it would be nonsensical to hold that defendant has committed only one crime for purposes of subsection (1) but has violated two statutes for purposes of subsection (2). If defendant may be punished for only one crime under subsection (1), because his offenses have merged, then he has violated only one provision for purposes of subsection (2). To hold otherwise would ignore the statutory scheme as a whole."

*Owens*, 102 Or App at 452 n 6. *Owens* has been reaffirmed, at least obliquely, in subsequent cases involving subsection (3) of ORS 161.067, which also applies only when "the same conduct or criminal episode violates only one statutory provision." In *State v. Gilbertson*, 110 Or App 152, 157, 822 P2d 716 (1991), *rev den*, 313 Or 211 (1992), and in *State v. Sanders*, 185 Or App 125, 130, 130 n 1, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004), we held that, when a defendant violates two provisions and one is a lesser included offense of the other, the defendant has violated only one statutory provision within the meaning of ORS 161.067(3). We are unable to discern any principled reason for not applying the same outcome with respect to merged crimes under subsection (2); the underlying theory is the same, namely, that one of the crimes is subsumed into the other so that, in effect, there is only one crime.

Although we reject defendant's invitation to overrule or distinguish *Owens*, we conclude that defendant prevails on this issue nonetheless. That is so because the premise of the state's argument—the single merged conviction has two victims, the individual threatened by the UUW-firearm and the general public—is untenable. Because, as we hold, the UUW-firearm conviction merges into the FIP-firearm conviction, the correct judgment in this case would encompass only one conviction: FIP-firearm. The UUW-firearm conviction disappears. And it is uncontested that FIP-firearm has only one victim: the public. *Torres*, 249 Or App at 578 (victim of FIP is the public). Thus, there is only one conviction and there is only one victim. The convictions should merge.

In a second assignment of error, defendant argues that the court erred in imposing consecutive sentences. The court based the consecutive sentencing decision on ORS 137.123(5):

"The court has discretion to impose consecutive terms of imprisonment for *separate convictions* arising out of a continuous and uninterrupted course of conduct only if the court finds:

"* * * * *

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

(Emphasis added.) Our resolution of defendant's first assignment of error determines our resolution of his second. The court's discretion to impose consecutive sentences depends on the existence of "separate convictions." Here, because the convictions merge, that predicate does not exist. Consecutive sentences, therefore, were not authorized.

Reversed and remanded for entry of a single conviction for felon in possession of a firearm with a firearm and for resentencing; otherwise affirmed.