## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAIME CAMPOS AMAYA,
*Defendant-Appellant.*

Washington County Circuit Court
C110643CR; A149836

320 P3d 673

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Jaime Campos Amaya filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of unlawful use of a deadly weapon with a firearm (Counts 2 and 3), felon in possession of a firearm with a firearm (Count 4), three counts of assault in the fourth degree (Counts 5, 6, and 7), and criminal mischief in the second degree (Count 8).[1] In his first three assignments of error, defendant contends that the trial court erred in failing to merge the guilty verdicts on unlawful use of a deadly weapon with a firearm (Count 3) and felon in possession of a firearm with a firearm (Count 4) into a single conviction for felon in possession of a firearm with a firearm, and also erred in imposing consecutive sentences on those same counts. Our recent decision in *State v. Flores*, 259 Or App 141, 313 P3d 378 (2013), is dispositive of those assignments of error in favor of defendant. Accordingly, we reverse and remand with instructions to merge the guilty verdicts on Counts 3 and 4 into a single conviction for felon in possession of a firearm with a firearm and for resentencing.[2]

Reversed and remanded with instructions to merge guilty verdicts for unlawful use of a deadly weapon with a firearm (Count 3) and felon in possession of a firearm with a firearm (Count 4) into a single conviction for felon in possession of a firearm with a firearm and for resentencing; otherwise affirmed.

---

[1] The jury found defendant not guilty on Count 1 (kidnapping in the second degree).

[2] We reject without discussion defendant's remaining assignments of error. *State v. Ziska*, 253 Or App 82, 288 P3d 1012 (2012), *rev allowed*, 353 Or 428 (2013); *State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009). We also reject without discussion defendant's *pro se* supplemental assignment of error, in which he contends that the state failed to adduce sufficient evidence that he possessed a firearm.