Submitted August 19, affirmed September 17, 2014, petition for review denied January 15, 2015 (356 Or 685)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BYRON RAY BAKER,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF120067; A151402

336 P3d 547

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

**HADLOCK, J.**

Defendant pleaded guilty to one count of second-degree burglary and to one count of first-degree theft, both Class C felonies. The trial court accepted the guilty pleas and entered a judgment reflecting that defendant had been convicted of both counts. Defendant appeals that judgment, arguing that the trial court erred by refusing to merge the two guilt determinations into a single conviction. In response, the state argues that this court lacks authority to review defendant's claim of error because it falls outside the scope of issues that are reviewable on appeal from a guilty plea. On the merits, the state argues that the trial court correctly declined to merge the two guilt determinations into a single conviction. We conclude that we have authority to review defendant's claim of error and, for the reasons set out below, we affirm the trial court's judgment.

The state's argument that we lack authority to review defendant's merger argument is defeated by our recent decision in *State v. Davis*, 265 Or App 425, 335 P3d 322 (2014). The defendant in that case pleaded no contest to two felony charges and argued, after the court accepted his pleas, that the trial court should merge the two guilt determinations into a single conviction. *Id.* at 427. The state moved to dismiss the appeal for lack of jurisdiction. We denied the motion, concluding that we had both jurisdiction over the defendant's appeal and authority to review his merger argument under ORS 138.222(4) and (7). *Id.* at 438. Under *Davis*, we have authority to review defendant's merger argument in this case.

We proceed to the merits. The two counts to which defendant pleaded guilty were charged as follows:

"**Count 1: BURGLARY IN THE SECOND DEGREE** * * *

"* * * * *

"**Count 3: THEFT IN THE FIRST DEGREE—Value $1,000 or more** * * *

"COUNT 1

"The defendant, on or about November 21, 2011, in Umatilla County, Oregon, did unlawfully and knowingly enter and remain in a building located at 1304 SW Dorion Ave, Pendleton, Oregon 97801, Oregon, with the intent to commit the crime of Theft therein * * *.

"The State further alleges that the value of the property stolen or destroyed was $1,000 or more.

"* * * * *

"COUNT 3

"The defendant, on or about November 21, 2011, in Umatilla County, Oregon, did unlawfully and knowingly commit theft of cigarettes, lottery tickets, digital scales and other property, of a total value of $1,000 or greater, the property of BARE BONES CONVENIENCE STORE; contrary to statute and against the peace and dignity of the State of Oregon."

(Boldface in original.)

On appeal, defendant contends that his guilty pleas to the two counts should have merged under ORS 161.067(1), which provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Under that statute, "[m]erger must occur when a defendant's acts constitute the same conduct or criminal episode, violate two or more statutory provisions, and all the elements of one offense are necessarily included in the commission of the other offense." *State v. Flores*, 259 Or App 141, 144, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014). In considering whether two counts merge, we have emphasized that what matters is whether all *elements* of one offense are subsumed within the elements of the other offense, and not whether other facts, like the "underlying factual circumstances of the crime," might overlap to that degree. *State v. Medley*, 239 Or App 25, 28, 243 P3d 147 (2010).

Here, defendant acknowledges that a count of theft would not ordinarily merge with a count of burglary because

each of those crimes requires proof of an element the other does not. Specifically, to convict a person of second-degree burglary, the state must prove that the person "enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein," ORS 164.215(1); that is not an element of first-degree theft. *See* ORS 164.055. The crime of first-degree theft, too, requires proof of an element—taking property of another—that burglary does not. ORS 164.015; ORS 164.055.

Nonetheless, defendant asserts, the counts in this case should have merged because both counts in the indictment "alleged the offense subcategory enhancement fact that 'the value of the property stolen or destroyed was $1,000 or more.'" According to defendant, those offense subcategory allegations functioned as additional elements of the crime, with the result that the count of first-degree theft became a lesser included offense of the count of second-degree burglary. That is, defendant argues, because the burglary charge alleged not only that defendant intended to commit theft, but also that he actually took property worth $1,000 or more, the "theft was entirely subsumed within the burglary count because defendant was alleged to have *actually stolen* property valued at more than $1,000." (Emphasis in original.)

The difficulty with defendant's argument is that it is premised on the idea that offense subcategory allegations are functionally equivalent to elements of a crime. They are not. The state may allege subcategory factors "to elevate the charged offense on the crime-seriousness scale" for purposes of the felony sentencing guidelines. *State v. Merrill*, 135 Or App 408, 411, 899 P2d 712 (1995), *rev dismissed*, 323 Or 73 (1996). Thus, the subcategory factors are "required for sentencing purposes"; they "are not themselves elements of the underlying offense." *Id.* at 412. We do not understand why factors that relate only to sentencing should affect whether multiple offenses merge into a single *conviction. Cf. State v. Williams*, 237 Or App 377, 383, 240 P3d 731 (2010), *rev den*, 350 Or 131 (2011) (characterizing subcategory fact allegations as "pertain[ing] only to sentencing").

Moreover, we have already held that subcategory factors do not function as elements for purposes of the merger

analysis. In *State v. Wright*, 150 Or App 159, 161, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998), the defendant was convicted of two counts each of manufacturing, delivering, and possessing a controlled substance. He argued that each pair of offenses (for example, the two counts of manufacturing a controlled substance) should merge into a single conviction under ORS 161.067(1) because the elements of each count were identical. This court considered, and rejected, the idea that merger might be precluded because each count in the indictment "alleged additional facts in support of an offense-subcategory," in a way that differentiated each count from the others (for example, one manufacturing count included an allegation that the offense involved a substantial quantity of the controlled substance; the other manufacturing count included a "commercial drug offense" allegation). We explained:

"To determine whether convictions merge under ORS 161.067(1), we examine only the statutory elements of each offense, not the underlying factual circumstances recited in the indictment. Our inquiry, therefore, turns on whether an offense-subcategory under ORS 475.996 constitutes a 'statutory element' of an offense. If so, then counts 1, 3 and 5 each require 'proof of an element' that counts 2, 4 and 6 do not, and merger would be barred under ORS 161.067(1).

"In [*Merrill*], this court addressed whether the offense-subcategories at issue in the present case, the 'substantial quantity' and 'commercial drug offense' subcategories, were elements of an offense. The trial court had granted the defendant's demurrer on the ground that a single count that alleged both offense-subcategories impermissibly included two or more crimes not separately pleaded. In reversing the trial court, we held that 'the subcategory factors required for sentencing purposes are not themselves elements of the underlying offense, but are alleged *in addition to* those elements.' We concluded that 'the inclusion of alternative grounds for enhancing the sentence *does not create additional offenses.*'

"Applying that holding to the present case, the elements of the offenses charged in counts 1, 3 and 5 are identical, respectively, to those charged in counts 2, 4 and 6, because the facts alleged in support of the offense-subcategories are not elements of the offense. Therefore, under ORS

161.067(1), the trial court erred in failing to merge the convictions on the paired counts."

*Id.* at 162-63 (first emphasis in *Merrill*; second emphasis in *Wright*; citations omitted).

Thus, in *Wright*, we held that subcategory allegations did not *preclude* the merger of multiple offenses that would merge absent those allegations, as the subcategory allegations were not, themselves, elements of the crimes. If subcategory allegations do not preclude merger of otherwise identical counts, it follows that such allegations also should not *lead to* the merger of multiple offenses that would not merge absent those allegations. Defendant does not cite *Wright*, much less explain why its reasoning does not apply here. We conclude that *Wright* controls. The trial court did not err when it rejected defendant's merger request.

Affirmed.