ARMSTRONG, P. J.
*93 Defendant was convicted in 2012 of one count of unlawful use of a weapon with a firearm (Generally speaking, ORS 161.610(4)(b) (set outUUW-firearm) (Count 1), ORS 161.610 ; ORS 166.220 ; two counts of felon in possession of a firearm (FIP) (Counts 2 and 6), ORS 166.270 ; one count of menacing constituting *376 domestic violence (Count 3), ORS 163.190 ; and one count of fourth-degree assault constituting domestic violence (Count 4), ORS 163.160(2). In defendant's first appeal in this case, we reversed the two FIP convictions and remanded with instructions to enter a single conviction for FIP and for resentencing. Otherwise, we affirmed. State v. Nunes , 268 Or. App. 299, 341 P.3d 224 (2014) ( Nunes I ). Defendant now appeals the judgment entered on remand, once again seeking resentencing.
In his first assignment of error, defendant contends that the trial court erred in imposing a 10-year gun minimum sentence under ORS 161.610(4)(b) on his conviction for Count 1 (UUW-firearm) because he had not previously been sentenced under ORS 161.610.[1] Defendant did not preserve that claim of error but urges us to exercise our discretion to consider it under ORAP 5.45(1) as plain error. Also related to his sentence on Count 1, defendant contends in a supplemental assignment of error that the court plainly erred in concluding that ORS 161.610(3) disqualified him for eligibility for earned time.[2] Finally, in his second assignment of error, defendant challenges the trial court's failure to merge his guilty verdict on Count 2 (FIP) with his guilty verdict on Count 1 (UUW-firearm).[3] For the reasons set out below, we decline to address defendant's first and supplemental assignments of error, and we reject his second assignment. Accordingly, we affirm.
*94 The facts material to the issues presented on appeal-which are primarily procedural-are not contested by the parties. In August 2012, defendant was convicted and sentenced for the five offenses described above. Nunes I , 268 Or. App. at 301 n. 1, 341 P.3d 224.[4] As relevant here, on Count 1 (UUW-firearm), the court imposed a 10-year gun minimum sentence pursuant to ORS 161.610(4)(b) and ordered "No good time/earned time pursuant to ORS 161.610(3)"; on Counts 2 and 6 (FIP), the court imposed separate convictions and sentences. Defendant appealed, contending that the trial court had erred in holding that the "anti-merger statute," ORS 161.067, prevented the two FIP counts from merging. 268 Or. App. at 304, 341 P.3d 224.[5] We agreed and reversed and remanded those convictions with instructions to enter a single conviction for FIP and for resentencing. Id. at 308, 341 P.3d 224.
At the resentencing hearing, the state asked the trial court to merge Count 6 with Count 2, as instructed by this court, and otherwise to "follow through with the same sentence," including again imposing a 10-year gun minimum under ORS 161.610(4)(b) on Count 1 (UUW-firearm), based on the fact that it was defendant's second conviction under that statute. As it did at defendant's original sentencing, the state relied on defendant's 1995 conviction for UUW as the predicate offense. The state also asserted that defendant was not eligible for earned time under ORS 161.610(3). Defendant, for his part, argued only that Count 1 (UUW-firearm) should merge into Count 2 (FIP) under State v. Flores , 259 Or. App. 141, 313 P.3d 378 (2013), rev. den. , *377 354 Or. 735, 320 P.3d 567 (2014), which the state disputed. Defendant did not address the state's request that the court again impose a 10-year gun minimum sentence on Count 1, nor did he contradict the state's assertion that, under ORS 161.610(3), defendant was not eligible for earned time. *95 The trial court agreed with the state in all respects. That is, it declined to merge Counts 1 and 2, merged Count 6 into Count 2 as instructed by Nunes I , and otherwise imposed the same sentences as it had originally, including the 10-year gun minimum sentence on Count 1. As to that count, the judgment, again, also stated:
"No good time/earned time pursuant to ORS 161.610(3). * * *.
"The Defendant may not be considered by the executing or releasing authority for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave From Custody, [or] Work Release."
Defendant appeals that judgment.
We begin with defendant's first assignment of error, in which he challenges the trial court's reimposition of a 10-year gun minimum sentence on Count 1 (UUW-firearm) under ORS 161.610(4)(b). He contends that the 1995 UUW conviction on which the court relied for a predicate offense was not a conviction and sentence under ORS 161.610 , and, therefore, the court erred in imposing the 10-year sentence applicable to a second gun minimum offense under ORS 161.610(4)(b), rather than a first gun minimum sentence of five years under ORS 161.610(4)(a). Defendant acknowledges that he did not preserve that issue at the resentencing hearing but requests that we review it as plain error.[6] We reject that request.
Appellate courts generally will not consider a claim of error that has not been preserved in the trial court; however, the court "may, in its discretion, consider a plain error." ORAP 5.45(1). Three criteria must be satisfied for a claim of error to qualify as plain error: (1) "it must be an error of law"; (2) the error must be "obvious, and not reasonably in dispute"; and (3) the error must be "apparent on the record without requiring the court to choose among competing inferences." State v. Vanornum , 354 Or. 614, 629, 317 P.3d 889 (2013). If the asserted error satisfies those requirements, we then must determine whether to exercise our *96 discretion to review the error, a decision that is to be made with " 'utmost caution' " because plain-error review undermines the principles underlying the preservation requirement. Id. at 630-31, 317 P.3d 889 (quoting Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991) ). In this case, the parties focus their arguments on the second requirement for plain-error review-whether the alleged error is obvious or beyond reasonable dispute. Because, as explained below, we conclude that it is not, we decline to address the error.
The gun minimum statute, ORS 161.610, provides, as relevant:
"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.
"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(3) and except as otherwise provided in subsection (6) of this section, if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section . Except as provided in ORS 144.122 and 144.126 and subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, *378 less a period of time equivalent to any reduction of imprisonment granted for good time served or time credits earned under ORS 421.121, nor shall the execution of the sentence imposed upon such person be suspended by the court.
"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:
"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years , except *97 that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years.
"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection or subsection (5) of this section, 10 years , except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 20 years.
"* * * * *
"(5) If it is the first time that the defendant is subject to punishment under this section, rather than impose the sentence otherwise required by subsection (4)(a) of this section, the court may:
"* * * * *
"(b) For felonies committed on or after November 1, 1989, impose a lesser sentence in accordance with the rules of the Oregon Criminal Justice Commission."
(Emphases added.)
Thus, for any felony "having as an element the defendant's use or threatened use of a firearm in the commission of the crime," the court must sentence a defendant under ORS 161.610. Subject to some exceptions not relevant here, the first time a defendant is sentenced under that statute, the court must impose either a five-year minimum term of imprisonment, ORS 161.610(4)(a), or, at the court's discretion, a "lesser sentence in accordance with the rules of the Oregon Criminal Justice Commission," that is, a "guidelines" sentence, ORS 161.610(5)(b). And, the second time a defendant is sentenced under that statute (that is, "[u]pon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection or subsection (5) of this section " (emphasis added) ), the court must impose a 10-year term of imprisonment. ORS 161.610(4)(b).
Here, defendant contends that the court plainly erred in sentencing him to a second gun minimum sentence under ORS 161.610(4)(b), rather than a first gun minimum sentence under ORS 161.610(4)(a), because it is beyond reasonable dispute that he was not convicted and sentenced under ORS 161.610 for his 1995 UUW conviction. See *98 State v. Hilton , 187 Or. App. 666, 677, 69 P.3d 779 (2003), rev. den. , 336 Or. 377, 84 P.3d 1081 (2004) ("In order to have been * * * punished [under ORS 161.610(4)(b) ], defendant must have previously been sentenced to a 'gun minimum' sentence under that statute ." (Emphasis in original.) ). Defendant points out (correctly) that the 1995 indictment alleged that defendant "did unlawfully attempt to use, carry with intent to use and possess with intent to use unlawfully against [the victim], a firearm, to wit: a .45 caliber pistol, a deadly weapon," but did not include the words, "with a firearm" in the title of the offense or otherwise refer to ORS 161.610. And, the judgment sentenced him to a three-year probationary term, also without mentioning ORS 161.610. Thus, defendant contends, the 1995 conviction and sentence cannot be understood to be a prior gun minimum sentence under ORS 161.610. The question is whether that proposition is beyond reasonable dispute.
The state contends that it is not, and we agree. As defendant himself acknowledges, the state is not required to allege "with a firearm" in the title of the indictment to show that it intends to charge a person under the gun minimum statute. See State v. Cesario , 94 Or. App. 262, 263, 764 P.2d 981 (1988) (" ORS 161.610(2) does not require inclusion of the words 'with a firearm' in the title. It merely provides that the words 'with a firearm' may be added to the title to indicate the aggravated nature of the crime." (Emphasis in original.) ); see also *379 State v. Wimberly , 152 Or. App. 154, 157, 952 P.2d 1042 (1998) ("Under subsection (3) [of ORS 161.610 ], the enhanced penalty is required when use of a firearm is an element of the felony of which the defendant is convicted.").[7]
In this case, the 1995 indictment charged defendant with unlawful use of a weapon under ORS 166.220,[8] alleging that defendant "did unlawfully attempt to use, carry with intent to use and possess with intent to use unlawfully *99 against [the victim], a firearm, to wit: a .45 caliber pistol, a deadly weapon." In Cesario , the language of the indictment similarly charged that the defendant "did 'possess a pistol * * * with intent to use it against another * * * and did attempt to use the weapon against her.' " 94 Or. App. at 263, 764 P.2d 981 (ellipses in Cesario ; emphasis added). We held in Cesario that that language was sufficient to satisfy ORS 161.610(3) ("[I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment * * *."), and, accordingly, affirmed the court's imposition of a gun minimum sentence. Defendant does not explain why, given Cesario , his 1995 UUV conviction could not be considered to be a prior conviction and sentence under the gun minimum statute.
To the extent defendant contends that he was not "punish[ed] pursuant to" ORS 161.610 for his 1995 UUW conviction because he was sentenced to three years' probation, rather than five years' imprisonment, for that conviction, we reject that contention. ORS 161.610(4)(b) mandates a 10-year minimum sentence "[u]pon conviction for [a felony having as an element the defendant's use or threatened use of a firearm] committed after punishment pursuant to paragraph (a) of this subsection or subsection (5 ) ." (Emphasis added.) As discussed above, subsection (5) authorizes the court to impose a guidelines sentence-such as the probationary term to which the court sentenced defendant-rather than a five-year mandatory minimum under paragraph (4)(a). Thus, the sentence that the court imposed for defendant's 1995 UUW conviction falls within the range of punishment that could be imposed pursuant to ORS 161.610. The statute does not require the judgment to recite that the sentence imposed is a gun minimum sentence under ORS 161.610, nor does defendant identify any case law that requires such a recitation to appear on the face of the judgment.
Given those circumstances, it is at least not beyond reasonable dispute that the court legally erred in considering defendant to have been previously punished pursuant to ORS 161.610 for his 1995 UUW conviction for purposes of imposing a second gun minimum sentence under that statute. In other words, the error, if any, is not "obvious,"
*100 Vanornum , 354 Or. at 629, 317 P.3d 889, and, therefore, it is not susceptible to plain-error review.
We turn to defendant's supplemental assignment of error, which also involves defendant's sentence on Count 1 (UUW-firearm); specifically, defendant contends that the trial court erred in relying on ORS 161.610(3) to deny defendant eligibility for earned time on his sentence for that conviction. As noted above, the state advised the court at defendant's resentencing hearing that defendant was not eligible for earned time under ORS 161.610(3) (set out above at 295 Or. App. at 96, 433 P.3d at 377-78). Defendant did not contest that assertion, and the judgment ultimately provided, "No good time/earned time pursuant to ORS 161.610(3)." Defendant acknowledges that he did not preserve his claim of error, but argues that preservation was not required because the challenged portion of the judgment was issued after sentencing and therefore he had no "opportunity to object." Alternatively, defendant requests plain-error review.
The state responds that we should reject defendant's supplemental assignment of error *380 because, regardless of its merits, "it would not provide any basis for him to obtain affirmative relief on appeal." In the state's view, that is because the judgment-in addition to denying defendant eligibility for earned time based on ORS 161.610(3) -also barred defendant from any reduction in sentence pursuant to ORS 137.750, and defendant does not assign error to that ruling.
We agree with the state. ORS 137.750 provides, as relevant:
"(1) When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program.
*101 "(2) The executing or releasing authority may consider the defendant for a program described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment."[9]
Here, the judgment expressly provides that defendant may not be considered by the executing or releasing authority for such reduction in sentence or early release program, tracking the language of ORS 137.750. See State v. Berger , 284 Or. App. 156, 161, 392 P.3d 792 (2017) ("[R]eduction in the term of incarceration under ORS 421.121 for 'earned time' is a sentence modification program that the sentencing court may make a defendant ineligible for pursuant to ORS 137.750."). It states:
"The Defendant may not be considered by the executing or releasing authority for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave From Custody, [or] Work Release."
Defendant does not challenge that ruling on appeal (nor did he challenge it in his first appeal). Thus, even if we were to reach defendant's unpreserved assignment of error and conclude that the trial court erroneously denied defendant eligibility for earned time under ORS 161.610(3), correction of that error would not afford defendant the relief he seeks-eligibility for earned time on his sentence for Count 1-because the court also denied defendant eligibility under ORS 137.750. Accordingly, we do not address the merits of defendant's supplemental assignment of error. See, e.g. , Roop v. Parker Northwest Paving Co. , 194 Or. App. 219, 236, 94 P.3d 885 (2004), rev. den. , 338 Or. 374, 110 P.3d 113 (2005) ("[W]here [appellants] fail to challenge the alternative basis of the trial court's ruling, we must affirm it."); State ex rel. SOSCF v. Duncan , 164 Or. App. 610, 614, 993 P.2d 818 (1999), rev. den. , 330 Or. 361, 6 P.3d 1102 (2000) (affirming without addressing juvenile court's ruling on unfitness as basis for termination of parental rights, where mother did not challenge court's finding as to neglect, an independent and adequate ground for termination).
*102 Lastly, we consider defendant's second assignment of error. In that assignment, defendant contends that, contrary to the trial court's conclusion, his guilty verdict on Count 2 (FIP) must merge into his guilty verdict on Count 1 (UUW-firearm) under ORS 161.067(1).[10] We reject that contention.
Merger is barred under ORS 161.067(1)"[w]hen the same conduct or criminal episode violates two or more statutory provisions" (which is undisputed by the parties here) "and each provision requires proof *381 of an element that the others do not[.]" We have interpreted the statute to also mean the converse; thus, "[m]erger must occur when a defendant's acts constitute the same conduct or criminal episode, violate two or more statutory provisions, and all the elements of one offense are necessarily included in the commission of the other offense." Flores , 259 Or. App. at 144. For purposes of that analysis, the elements of proof are controlled by the statute defining the offense, not by the factual circumstances outlined in the indictment; however, if the statute sets out alternative forms of a single crime, we look to the elements as charged in the indictment. State v. Dentel , 272 Or. App. 130, 133, 354 P.3d 753 (2015). Defendant contends that, here, all of the elements of Count 2 (FIP) as charged in this case are subsumed in Count 1 (UUW-firearm), and, therefore, Count 2 does not require proof of any element that Count 1 does not. Accordingly, defendant contends, the guilty verdicts on those counts must merge. We disagree.
The elements of Count 1 (UUW-firearm), as charged in this case,[11] are as follows:
(1) the act occurred on or about June 24, 2012;
*103 (2) defendant unlawfully attempted to use and carried and possessed a dangerous and deadly weapon;
(3) defendant intended to use unlawfully the weapon against another person; and
(4) defendant used or threatened to use a firearm during the commission of this felony.
See ORS 166.220 (defining UUW, set out at 295 Or. App. at 98 n. 8. 433 P.3d at 379 n. 8); ORS 161.610(2) (defining the "with a firearm" aggravated crime, set out at 295 Or. App. at 96, 433 P.3d at 377-78). And, the elements of Count 2 (FIP), as charged,[12] are as follows:
(1) the act occurred on or between June 23, 2012 and June 24, 2012;
(2) defendant had been previously convicted of a felony under Oregon law; and
(3) defendant unlawfully and knowingly had in his possession, custody, and control a firearm.
See ORS 166.270(1) (defining FIP).[13]
Thus, Count 1 (UUW-firearm) contains an element that Count 2 (FIP) does not-namely, the unlawful attempt to use and carry and possess with intent to use unlawfully against another person a firearm. And, Count 2 (FIP) contains an element-that defendant previously had been convicted of a felony-that Count 1 (UUW-firearm) does not. Thus, merger is barred under ORS 167.061(1) because each provision requires proof of an element that the other does not.
*104 Defendant, however, views it otherwise. As we understand it, he reasons that, because the court ultimately imposed a 10-year gun minimum sentence under ORS 161.610(4)(b) on Count 1 (UUW-firearm), the state was required to prove, as an additional element of that offense, that defendant had previously been convicted of a felony under that statute. As a result, defendant asserts, FIP does not contain an element that is not also contained in UUW-firearm (previous conviction of a felony); consequently, the two guilty verdicts must merge.
*382 Defendant's argument depends on the mistaken proposition that, because the court imposed a 10-year minimum sentence on Count 1 (UUW-firearm) under ORS 161.610(4)(b), the fact that defendant was previously convicted and sentenced under that statute became an element of the offense . Said another way, in defendant's view, the circumstances required for the court to impose a 10-year gun minimum sentence under ORS 161.610(4)(b) -viz. , the fact of defendant's previous conviction and sentence for a felony "having as an element the defendant's use or threatened use of a firearm during the commission of the crime"-is itself an element of the crime of UUW-firearm. That argument is untenable.
In Flores , 259 Or. App. at 147-48, 313 P.3d 378, we held that "the use or threatened use of a firearm, whether operable or inoperable, during the commission of a felony," ORS 161.610(2), is an element of the aggravated crime of UUW-firearm. We based that holding on Supreme Court precedent and the "unambiguous terms" of ORS 161.610(2),"[14] in particular, the statute's express designation of the proscribed conduct as an "element," which, when added to an offense, creates a new, aggravated crime. Id. at 146-47, 313 P.3d 378. By contrast, ORS 161.610(4)
*105 relates only to sentencing: It establishes the mandatory minimum terms of imprisonment applicable to the offense defined in ORS 161.610(2), including the facts that compel a 10-year mandatory minimum term-viz. , that the defendant has previously been sentenced under the statute. ORS 161.610(4)(b). Subsection (4) does not, like subsection (2), designate that fact as an element of the crime.
State v. Baker , 265 Or. App. 500, 336 P.3d 547 (2014), is instructive. There, we considered whether an offense subcategory enhancement factor alleged with respect to the defendant's charges for second-degree burglary and first-degree theft (that the value of the property stolen or destroyed was $1,000 or more) was "functionally equivalent" to an element of a crime, such that the theft was entirely subsumed within the burglary count for merger purposes under ORS 161.067(1). Id. at 503, 336 P.3d 547. We concluded that it was not because subcategory factors are used to elevate an offense for sentencing purposes and, therefore, "are not themselves elements of the underlying offense." Id. (internal quotation marks omitted). Consequently, under Baker , factors that relate only to sentencing do not "affect whether multiple offenses merge into a single conviction ." Id. (emphasis in original).
Here, the fact of defendant's prior conviction and sentence under ORS 161.610 -which was required to elevate the mandatory-minimum sentence imposed under ORS 161.610(4) -pertains only to defendant's sentence; thus, it is not an element of the underlying offense. Accordingly, the trial court did not err in refusing to merge defendant's guilty verdicts on Counts 1 and 2.
Affirmed.

Generally speaking, ORS 161.610(4)(b) (set out below at 295 Or. App. at 96-97, 433 P.3d at 377-79) establishes a minimum 10-year imprisonment term upon a defendant's second conviction and sentence for a felony "having as an element the defendant's use or threatened use of a firearm in the commission of the crime."

"Earned time" is a sentence reduction program under ORS 421.121. State v. Ivie , 213 Or. App. 198, 201, 159 P.3d 1257 (2007).

Defendant also assigns error to the trial court's imposition of attorney fees and a $60 "Mandatory State Amt." on each conviction. However, in response to defendant's motion in the trial court to correct the judgment, the court subsequently entered amended judgments removing those monetary obligations; accordingly, those assignments of error are moot.

For a discussion of the historical facts underlying defendant's convictions, see Nunes I , 268 Or. App. at 301-04, 341 P.3d 224.

Defendant raised two other assignments of error that we rejected without discussion. Nunes I , 268 Or. App. at 301 n. 2, 341 P.3d 224. Defendant did not, however, assign error to the trial court's imposition of a 10-year gun minimum sentence on Count 1, denial of earned time credits on that sentence, or failure to merge his guilty verdict on Count 2 (FIP) with his guilty verdict on Count 1 (UUW-firearm), as he does in this appeal.

As noted, defendant also did not raise the issue in his first appeal, although it appears that the issue may have been preserved in the original sentencing proceeding.

Although ORS 161.610 has been amended since Cesario and Wimberly were decided, those amendments did not alter the pertinent text in any manner that affects our analysis.

ORS 166.220(1) provides, in part:
"A person commits the crime of unlawful use of a weapon if the person:
"(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015 [.]"

Although ORS 137.750 was amended by the 2017 Legislative Assembly, see Or. Laws 2017, ch. 442, § 17, that amendment is immaterial here; accordingly, we refer to the current version of the statute.

Although defendant's argument is slightly different from the argument that he made at the resentencing hearing (specifically, that Count 1 (UUW-firearm) must merge into Count 2 (FIP) ), we agree with the parties that the issue is adequately preserved. The court raised the issue and asked the parties to address it, and the court's ruling indicates that the court considered it.

Count 1 of the indictment charged:
"The defendant, on or about June 24, 2012, in Clackamas County, Oregon, did unlawfully attempt to use and carry with intent to use and possess with intent to use unlawfully against [the victim], a firearm, a dangerous and deadly weapon.
"The State further alleges that during the commission of this felony, the defendant used or threatened the use of a firearm."

Count 2 of the indictment charged:
"The defendant, on or between June 23, 2012 and June 24, 2012, in Clackamas County, Oregon, having previously been convicted in Clackamas County Oregon on May 11, 1995 of the felony of Unlawful Use of a Weapon, did unlawfully and knowingly have in said defendant's possession and have under said defendant's custody and have under said defendant's control a firearm."

ORS 166.270(1) provides that
"[a]ny person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

Again, ORS 161.610(2) provides:
"The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense . The unaggravated crime shall be considered a lesser included offense ."
(Emphases added.)