Argued and submitted May 28, remanded in part; otherwise affirmed
September 24, 1997, petition for review denied January 27, 1998 (326 Or 390)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL GILBERT WRIGHT,
*Appellant.*

(95-06-35978; CA A91975)

945 P2d 1083

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals from a judgment of conviction on two counts each of manufacturing, delivery, and possession of a controlled substance, making multiple assignments of error. We write solely to address defendant's argument that the trial court erred in failing to merge the pairs of convictions for manufacturing (counts 1 and 2), delivery (counts 3 and 4), and possession (counts 5 and 6) of a controlled substance.

Defendant was indicted on six counts of violating ORS 475.992, which declares unlawful the manufacture, delivery, and possession of marijuana, a Schedule I controlled substance. Each count of the indictment alleged additional facts in support of an offense-subcategory as provided in ORS 475.996. The effect of those additional allegations was to increase the crime-seriousness rating of each charged offense, thereby subjecting defendant to a greater presumptive sentence on each count.[1]

Counts 1, 3 and 5 each alleged that the offense involved "150 or more grams of a mixture or substance containing a detectable amount of marijuana," ORS 475.996-(1)(a)(E); ORS 475.996(2)(b)(E), while counts 2, 4 and 6 each alleged that the offense was "a commercial drug offense," ORS 475.996(1)(b). Therefore, manufacturing, delivery, and possession of a controlled substance were each charged twice, once with a further allegation of substantial quantity and then again with a further allegation of a commercial drug offense.

After a bench trial, the court found defendant guilty and entered a judgment of conviction on all six counts. Defendant assigns error to the trial court's entry of six, rather than three, convictions. He argues that, under ORS 161.062(1) and ORS 161.067(1),[2] the paired convictions should have

---

[1] ORS 135.711 requires that the accusatory instrument include allegations in support of an offense-subcategory if the state intends to rely on the offense-subcategory for sentencing purposes.

[2] ORS 161.062 and ORS 161.067 each was drafted in 1985, and they "began as identically worded proposals." *State v. Crotsley*, 308 Or 272, 276 n 3, 779 P2d 600 (1989). "In effect, the original proposed multiple conviction and sentencing statute

merged, resulting in one conviction each for manufacturing, delivery, and possession of a controlled substance.

 ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

To determine whether convictions merge under ORS 161.067(1), we examine only the statutory elements of each offense, not the underlying factual circumstances recited in the indictment. *State v. Sumerlin*, 139 Or App 579, 584, 913 P2d 340 (1996) (and cases cited therein). Our inquiry, therefore, turns on whether an offense-subcategory under ORS 475.996 constitutes a "statutory element" of an offense. If so, then counts 1, 3 and 5 each require "proof of an element" that counts 2, 4 and 6 do not, and merger would be barred under ORS 161.067(1).

In *State v. Merrill*, 135 Or App 408, 899 P2d 712 (1995), *rev dismissed* 323 Or 73 (1996), this court addressed whether the offense-subcategories at issue in the present case, the "substantial quantity" and "commercial drug offense" subcategories, were elements of an offense. The trial court had granted the defendant's demurrer on the ground that a single count that alleged both offense-subcategories impermissibly included two or more crimes not separately pleaded. *Id.* at 411. In reversing the trial court, we held that "the subcategory factors required for sentencing purposes are not themselves elements of the underlying offense, but are alleged *in addition to* those elements." *Id.* at 412 (emphasis in original). We concluded that "the inclusion of alternative grounds for enhancing the sentence *does not create additional offenses*." *Id.* (emphasis supplied).

---

was enacted twice, first in an amended legislative version, ORS 161.062, and later in an unamended initiative version, ORS 161.067." *Id.* For purposes of this appeal, the relevant text of the statutes is identical. For ease of reference, we will refer solely to ORS 161.067(1).

Applying that holding to the present case, the elements of the offenses charged in counts 1, 3 and 5 are identical, respectively, to those charged in counts 2, 4 and 6, because the facts alleged in support of the offense-subcategories are not elements of the offense. Therefore, under ORS 161.067(1), the trial court erred in failing to merge the convictions on the paired counts.

Remanded for entry of amended judgment merging counts 1 and 2, counts 3 and 4, and counts 5 and 6, and for resentencing; otherwise affirmed.