Argued and submitted June 25, reversed in part; otherwise affirmed
October 1, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL WAYNE BARTLETT,
*Appellant.*

(940381C; CA A90919)

946 P2d 309

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from his conviction for kidnapping in the second degree, arguing that, because the evidence is insufficient to support a conviction, the trial court should have granted his motion for a judgment of acquittal. ORS 163.225(1)(a).[1] We reverse.

On August 12, 1995, defendant drove Angie Watson, along with another friend of Watson's, to Searcey Lake, which is located approximately 20 miles from Fossil. Defendant, age 27, did not have permission from Watson's parent to take Watson, age 15, to the lake. After the trio reached the lake, they met another group of people, made a fire, conversed and drank alcoholic beverages. Watson consumed a couple of sips of whiskey earlier in the evening and had a beer on the trip to the lake. She also drank more beer after reaching the lake. Defendant was affectionate toward Watson as they sat near the fire. He put his arms around her and kissed her. Defendant tried to get Watson to return to his truck with him, but she declined. At one point, Watson told defendant to "quit hassling" her. Watson and her friend later went swimming in their tee shirts. The evidence is uncontroverted that Watson went willingly with defendant to the lake and was not held at the lake against her will. At approximately 4:20 a.m., Watson's mother arrived at the lake, looking for her daughter. Her arrival interrupted the group's activities, and Watson returned to her custody.

The state also presented evidence of two other events that occurred a couple of days before the incident at the lake. Watson and her friend were in the shower at defendant's house. Defendant knocked on the bathroom door and attempted to get in. He then picked the lock and opened the door. The girls picked up towels, shouted to him to get out and slammed the door shut. Later, naked, he opened the door again as the two were getting out of the shower. Nonetheless,

---

[1] ORS 163.225(1)(a) provides:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another[.]"

they got him out of the room and dressed. Defendant also asked Watson's friend to leave defendant alone with Watson. On another occasion, Watson was with defendant in his truck when defendant lit a marijuana pipe and offered it to Watson.

■    Defendant was convicted of one count of delivery of a controlled substance to a minor, three counts of furnishing alcohol to a person under 21 years of age, and kidnapping in the second degree. On appeal, he attacks only the conviction for kidnapping in the second degree. In determining whether there is sufficient evidence to support that conviction, we must determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994).

Defendant concedes that he did not have consent to take Watson to Searcey Lake. *See* ORS 163.215(1) (defining "without consent" to include the taking of a person under 16 years of age without the consent of the lawful custodian). Also not at issue in this case is the fact that defendant took Watson from Fossil to Searcey Lake. The only issue on appeal is whether the evidence was sufficient to prove the statutory requisite that defendant had the intent to interfere substantially with Watson's personal liberty. That statutory element requires us to focus on defendant's scienter.

The leading case interpreting ORS 163.225 is *State v. Garcia*, 288 Or 413, 605 P2d 671 (1980). After an extensive discussion of legislative history, the court concluded:

> "As finally enacted the law does not even require that there actually be a substantial interference with the victim's personal liberty; it is only necessary that the perpetrator have the *'intent* to interfere substantially' with the victim's personal liberty to make the malefactor guilty of kidnapping if he commits an act proscribed by ORS 163.225." *Id.* at 421 (emphasis in original).

The state argues that there was ample evidence that defendant intended to interfere substantially with Watson's personal liberty. It points to both the shower incident and to defendant's conduct towards Watson at the lake and argues

that that conduct demonstrates defendant's sexual interest in Watson. The state also argues that, because defendant attempted to induce Watson to smoke marijuana and drink alcohol, that evidence also permits a rational factfinder to infer that defendant intended to interfere substantially with Watson's personal liberty by imposing his sexual desires on her. In sum, the state contends that the phrase "personal liberty" in ORS 163.225(1) must be construed to include not only the freedom from restraint or confinement but also the liberty to avoid sexual contact from a 27-year-old.

■　By implication, the Supreme Court has rejected such an interpretation with its construction of the statutory elements of kidnapping. In *Garcia*, the court noted that "we find it somewhat difficult to envision forcible rape or sodomy which does not entail 'substantial' interference with the personal liberty of the victim." *Garcia*, 288 Or at 421 n 8. The court continued, "however, it is readily apparent that the drafters of this legislation were attempting to describe *conduct of the malefactor not ordinarily inherent in the sexual misconduct itself.*" *Id.* (emphasis supplied). The court also explained that a malefactor, who commits rape or robbery, would also be guilty of kidnapping if he *took* the victim a "substantial distance" or *held* the victim "a substantial period of time." *Id.* at 421. Thus, the statutory element of intent to interfere substantially with another's personal liberty requires more than intent to have sexual contact.

■　In this case, there is no evidence that defendant ever intended to confine or prevent Watson from leaving the lake. The state argues that the remoteness of the location of the lake would have made it impossible for Watson to leave, even if she had wanted to. However, the state did not present any evidence that would have allowed the factfinder to infer that, if Watson had wanted to leave, defendant would have prevented her from doing so. The only evidence of defendant's intent was that he wanted to have a sexual encounter with Watson. That evidence is insufficient to prove that defendant intended substantially to interfere with Watson's personal liberty. Thus, the trial court erred when it denied defendant's motion for a judgment of acquittal on the charge of kidnapping in the second degree, and the conviction must be reversed.

Conviction for kidnapping in the second degree reversed; otherwise affirmed.