Argued and submitted February 28, affirmed September 12, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## FERNANDO DOMINGUEZ-CORONADO,
*Defendant-Appellant.*

Marion County Circuit Court
04C50555; A128779

168 P3d 291

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of two counts of delivery of a controlled substance (DCS). *Former* ORS 475.992 (2003). On appeal, he argues that the trial court erred in failing to merge the two convictions. The state responds that defendant failed to preserve the assignment of error. We agree with the state that defendant failed to preserve the assignment and that the trial court's decision not to merge the convictions was not plainly erroneous. We therefore affirm.

The relevant facts are not in dispute. Salem police officers arrested defendant's brother for attempting to sell one ounce (28 grams) of methamphetamine to a police informant during a sting operation. The officers found defendant standing in a nearby parking lot and arrested him as well, for acting as a "lookout" during the sale. The officers found over $2,000 in cash in defendant's pocket at the time of the arrest. A police dog alerted to the presence of methamphetamine on the cash.

The officers searched the apartment of defendant's brother, which was near the scene of the arrest. At the apartment, they found more methamphetamine, rifles, scales, packaging material, and $3,450 in cash. The officers also found defendant's social security card next to the drugs in the apartment, along with a rental agreement that included defendant's name among the authorized residents.

Defendant was charged with, among other things, two counts of DCS. The first count alleged that defendant unlawfully delivered methamphetamine and that the delivery "involved a substantial quantity of a controlled substance, to-wit: 10 grams or more of methamphetamine." The second count alleged that, on the same date, defendant delivered methamphetamine and that the delivery was a commercial drug offense, in that

> "the delivery was for consideration; the defendant was in possession of $300.00 or more in cash; the defendant was in possession of a firearm or other deadly or dangerous weapon * * * for the purpose of using it in connection with this offense; the defendant was in possession of materials being used for the packaging of controlled substances; the

defendant was in possession of: 8 grams or more of methamphetamine."

The case was tried to the court. The state waived making an opening statement. The officers who had been involved in the arrest testified to the foregoing facts. Defendant denied that he had been acting as a lookout for his brother on the night of the arrest, denied that the apartment where additional drugs were found was his, and denied that he had helped his brother sell drugs at any time. Both the state and defendant waived closing argument. The trial court found defendant guilty on both counts. The court made only a few comments in announcing the verdict, but those comments included observations about the fact that defendant had been at the scene of the first delivery in the parking lot and the fact that defendant's social security card had been found at the apartment next to the drugs.

After the court announced the verdict, the prosecutor asked whether the court also was finding the sentencing enhancement factors alleged in the two counts:

"[Prosecutor]: Your Honor, specifically regarding Count One, I think obviously the Court has the evidence before it; you're finding also the aggravating factor ten grams or more?

"THE COURT: Well, it's over, what is it, ten ounces, eight ounces?

"[Prosecutor]: Well, it's three ounces total that they seized. The Defendant was present during the first buy, which was one ounce, so yeah. The evidence shows over the ten grams, I just want to make sure the Court makes its finding that—

"THE COURT: Yeah, over ten grams.

"[Prosecutor]: Okay. And then the other, Count Two, Your Honor, *is just a separate theory of the same delivery*, but it alleges the commercial drug offense factors, more than $300 in cash, that the delivery was for consideration, that it was more than eight grams of methamphetamine.

"THE COURT: That is correct.

"[Prosecutor]: Okay. And the Court's making those findings as well.

"THE COURT: That is correct, yeah, it was 28 grams. And he had all that money, and it was a commercial transaction. * * *."

(Emphasis added.) At the end of the hearing, defendant asked whether the two counts were being "merged for sentencing." The prosecutor responded that "the counts don't merge because they are under separate theories of the same conduct, but I certainly would agree that they should be run concurrently * * *." The court replied that the sentences would run concurrently. Defendant then stated, "I think that will merge but that's a different matter." Following that exchange, the court entered a judgment of conviction on two counts of DCS and imposed concurrent sentences of 20 months' imprisonment.

On appeal, defendant assigns error to the trial court's failure to merge the convictions. He argues that the prosecutor admitted that the two DCS counts constituted "separate theor[ies] of the same delivery" and that, under *State v. Wright*, 150 Or App 159, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998), two DCS convictions based on the same delivery must merge. The state contends that defendant failed to preserve that contention. In any event, it argues, *Wright* is distinguishable because, in this case, the two DCS convictions were based on two separate deliveries. The state acknowledges that, at one point at least, the prosecutor told the trial court that the two counts were separate theories for "the same delivery." The state contends that the prosecutor's comment in that regard was ambiguous, particularly in light of the prosecutor's later—and correct—statement that, although the convictions do not merge, the sentences should run concurrently. In any event, the state argues, the statement does not bind this court, the trial court, or the state.

We begin with whether defendant preserved his assignment of error. To preserve an argument for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct [it] immediately." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

■ In this case, the only discussion regarding "merger" occurred when defendant asked the court whether the two counts of which he had been found guilty would be "merged for sentencing," at which point the prosecutor asserted the state's position that the convictions themselves should not "merge" but that concurrent sentences were acceptable. The court then indicated that it would impose concurrent sentences, a fact that necessarily implies that it would not be merging defendant's convictions. At that point, defendant did not object or ask the court to merge his convictions, or attempt to clarify his query; nor did he raise any argument as to why failing to merge the convictions would be erroneous. He merely remarked, "I think that will merge but that's a different matter." We are unable to determine what defendant meant by that remark or why he believed it to constitute "a different matter." Whatever its intended meaning, the remark cannot fairly be said to have alerted the court that defendant objected to the entry of two separate convictions in a manner "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct [it] immediately." *Id.* Defendant did not preserve the argument.

■ An unpreserved assignment of error is not reviewable by this court unless it constitutes plain error. ORAP 5.45(1); *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000). We turn, then, to the question whether the trial court's failure to merge the convictions in this case amounted to plain error. To be reviewable as "plain error," an error must be one of law, it must be "obvious, not reasonably in dispute," and it must appear on the face of the record. *Id.* If the claimed error satisfies those requirements, then the court "must exercise its discretion * * * to consider the claim of error" and "explain[ ] its reasons for doing so." *Id.*

It is settled law that a trial court is required to merge DCS convictions based on two charges alleging the same delivery offense but differing only as to the subcategory factors here at issue—*i.e.*, the "substantial quantity" and "commercial drug offense" factors. Thus, in *Wright*, the defendant was charged with, among other things, two counts of DCS based on the same incident. Each of the two counts alleged

the elements of DCS plus additional facts in support of a different offense subcategory—one of the counts alleged that the offense involved a substantial quantity and the other alleged the factors of a commercial drug offense. The trial court convicted the defendant on both counts. The defendant appealed, arguing that the two convictions should have merged under ORS ORS 161.067(1).[1] We concluded that the "substantial quantity" and "commercial drug offense" subcategory factors are not themselves elements of the underlying offense, and that their inclusion in a charging instrument as alternative grounds for enhancing the sentence does not create multiple offenses. *Wright*, 150 Or App at 162-63. We therefore concluded that the trial court erred in failing to merge the convictions on the paired counts. *Id.* at 163.

■     In this case, the question is whether the trial court's verdict on the two DCS counts was based on the same delivery of methamphetamine or on two separate deliveries. If it was based on the same delivery, then all parties agree that the trial court erred in failing to merge the convictions. But, if it was based on two separate deliveries, then the parties agree that the trial court did not err.

At the outset, we note that, thus framed, the question is not strictly one of law and, for that reason alone, is not reviewable under the plain error rule. In any event, the answer is not beyond reasonable dispute. The indictment itself does appear to set out two different transactions as the bases for the two. The first is based on the delivery of a substantial quantity of methamphetamine (apparently referring to the parking lot delivery) while the second is based on allegations of commercial drug offense facts, including the presence of packaging material and weapons (clearly referring to the evidence obtained from the later search of the apartment). The prosecutor did not make either an opening or a closing statement. But there clearly was evidence introduced

---

[1] ORS 161.067, commonly referred to as the "anti-merger" statute, provides, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

during the trial about both the parking lot incident and the later discovery of drugs and paraphernalia at the apartment. The trial court did not make any specific findings; it simply found defendant guilty on two counts of DCS. As we have noted, however, in announcing the verdict, the trial court did mention facts pertaining to both the parking lot incident and the search of the apartment.

In fact, the only indication that the court might *not* have determined that there were two separate deliveries comes from the prosecutor's comment after trial that the two counts amounted to two theories of the same delivery. That comment, however, is not easily reconciled with the prosecutor's later statement that, although the convictions do not merge, the sentences run concurrently. Nor can it be reconciled with what the court actually did, namely, enter two separate convictions and order that the sentences run concurrently. Moreover, as the state suggests, it is doubtful that the prosecutor's statement amounts to a judicial admission, which ordinarily applies to an admission of a *fact* in issue. *State v. Porter*, 202 Or App 622, 628, 123 P3d 325 (2005) (A judicial admission is one made by a party or his attorney for the purpose of dispensing with proof of a fact in issue.). At the very least, the legal significance of the prosecutor's statement is reasonably in dispute. As a result, we cannot say that the trial court's failure to merge the two DCS convictions was plainly erroneous.

Affirmed.