Submitted on remand from the Oregon Supreme Court November 4, 2014, reversed and remanded with instructions to merge Count 3 into Count 4 and for resentencing; otherwise affirmed February 10, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK LAWRENCE UNGER,
*Defendant-Appellant.*

Marion County Circuit Court
09C42443; A144192

368 P3d 37

Jason E. Thompson, and Ferder Casebeer French & Thompson, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Haselton, Senior Judge.

DUNCAN, J.

**DUNCAN, J.**

This case is before us for the second time. In our previous decision, we applied *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), and held that the trial court erred in denying defendant's motion to suppress. *State v. Unger*, 252 Or App 478, 287 P3d 1196 (2012), *rev'd and rem'd*, 356 Or 59, 333 P3d 1009 (2014) (*Unger I*). In its decision on review, the Supreme Court modified *Hall*, held that the trial court did not err in denying defendant's motion to suppress, and remanded the case to us to address defendant's remaining two assignments of error. *State v. Unger*, 356 Or 59, 74-76, 80-83, 92, 94 n 13, 333 P3d 1009 (2014) (*Unger II*).[1]

In the first of those remaining assignments, defendant asserts that the trial court violated his right to a jury trial under the Sixth Amendment to the United States Constitution by instructing the jury that they could return a nonunanimous verdict. That assertion fails under our precedent. *State v. Bowen*, 215 Or App 199, 202, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009).

In the second of those remaining assignments, defendant asserts that the trial court erred by failing to merge the guilty verdicts on Count 3, for manufacture of cocaine, and Count 4, for manufacture of cocaine involving a substantial quantity of the drug. Defendant did not object to the trial court's failure to merge those verdicts and asks us to exercise our discretion to correct the assigned error as an "error of law apparent on the record," also known as a "plain error." *See* ORAP 5.45(1) (authorizing review of errors apparent on the record); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain error review); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (setting out a nonexclusive list of factors for a court to consider when deciding whether to exercise discretion to correct a plain error). The state concedes that

---

[1] In his brief, defendant raises five assignments of error. In our previous decision, we reversed on his first assignment of error, rejected his second and third without written discussion, and did not address his fourth and fifth. *Unger I*, 252 Or App at 479 n 2.

the trial court plainly erred by failing to merge the verdicts and acknowledges that we have exercised our discretion to correct similar errors. For the reasons explained below, we conclude that the trial court erred by failing to merge Count 3 into Count 4, the error constitutes plain error, and it is appropriate for us to exercise our discretion to correct the error. Therefore, we reverse and remand with instructions to merge Count 3 into Count 4, and we otherwise affirm.

The state indicted defendant for several drug-related crimes, including the counts at issue here, Count 3 and Count 4, which were alleged to have been committed as "part of the same act or transaction." Count 3 and Count 4 alleged the elements of manufacture of cocaine, as defined by ORS 475.880; they also alleged additional facts, commonly referred to as "subcategory factors," to increase the crime seriousness of the charged manufacturing crime pursuant to ORS 475.900. *See State v. Baker*, 265 Or App 500, 503, 336 P3d 547 (2014), *rev den*, 356 Or 685 (2015) (explaining that the state "may allege subcategory factors 'to elevate the charged offense on the crime-seriousness scale' for purposes of the felony sentencing guidelines" (quoting *State v. Merrill*, 135 Or App 408, 411, 899 P2d 712 (1995), *rev dismissed*, 323 Or 73 (1996))); *see also* ORS 135.711 (requiring the state to allege subcategory factors if it intends to rely on them for sentencing). Specifically, Count 3 alleged that defendant's manufacture of cocaine was a "commercial drug offense," ORS 475.900(1)(b), and Count 4 alleged that defendant's manufacture of cocaine involved a "substantial quantity" of the drug, ORS 475.900(1)(a)(B).

Defendant tried his case to a jury. On Count 3, the jury found defendant guilty of manufacture of cocaine, but it did not find that the manufacture was a commercial drug offense. On Count 4, the jury found defendant guilty of manufacture of cocaine, and it found that the manufacture involved a substantial quantity of the drug. Thus, the jury found defendant guilty of two counts of manufacture of cocaine, based on the same act or transaction, one without a subcategory factor (Count 3), for which the crime-seriousness rating for purposes of the sentencing guidelines grid is 4, ORS 475.900(3)(a), and one with the

substantial-quantity subcategory factor (Count 4), for which the crime-seriousness rating is 8. ORS 475.900(1)(a).

The trial court entered separate convictions for Count 3 and Count 4. In its judgment, the trial court stated that Count 3 "merges with Count 4 for purposes of sentencing." Defendant did not object to the trial court's entry of separate convictions for Count 3 and Count 4. As mentioned, defendant asks us to review the alleged error as an error apparent on the record.

We may review an unpreserved error as an "error apparent on the record" if three requirements are satisfied: (1) the error is one "of law"; (2), the error is "apparent," that is, "the legal point is obvious, not reasonably in dispute"; and (3) the error appears "on the face of the record," in that "[w]e need not go outside the record or choose between competing inferences to find it[.]" *Brown*, 310 Or at 355 (internal quotations omitted). If those requirements are satisfied, "we 'may consider'" the error. *Id.* (quoting ORAP 5.45(2)). Accordingly, we turn first to the question of whether the trial court committed a legal error by failing to merge the guilty verdicts on Count 3 and Count 4.

Whether a trial court erred by failing to merge guilty verdicts is a question of law, which we review for errors of law, and, when doing so, we are bound by the trial court's findings of historical fact, provided that they are supported by constitutionally sufficient evidence in the record. *State v. Watkins*, 236 Or App 339, 345, 236 P3d 770, *rev den*, 349 Or 480 (2010).

Merger is governed by ORS 161.067. Under that statute, if a defendant is found guilty of multiple counts based on the same conduct and the conduct "violates two or more statutory provisions," the counts merge unless "each provision requires proof of an element that the others do not[.]" ORS 161.067(1). If a defendant is found guilty of multiple counts based on the same conduct and the conduct violates "only one statutory provision," the counts merge unless the conduct "involves two or more victims," ORS 161.067(2), or each violation is "separated from other such violations by a sufficient pause in the defendant's criminal conduct to

afford the defendant an opportunity to renounce the criminal intent," ORS 161.067(3).

Here, the only issue is whether defendant's conduct violated two statutory provisions with different elements. (The state does not argue, and given the charges could not argue, that defendant's conduct involved two victims or involved two statutory violations that were separated by a sufficient pause.)

As described, the jury found defendant guilty of Count 3 for manufacture of cocaine and Count 4 for manufacture of cocaine involving a substantial quantity of the drug. Thus, the only difference between the two counts was the substantial-quantity subcategory factor in Count 4. That difference does not preclude merger because, as we have already held, subcategory factors do not constitute elements for merger purposes. *State v. Wright*, 150 Or App 159, 162-63, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998).

In *Wright*, the defendant was convicted of, among other crimes, two counts of manufacture of a controlled substance; one alleged that the defendant's manufacture was a commercial drug offense and the other alleged that the defendant's manufacture involved a substantial quantity of the controlled substance. *Id.* at 161. On appeal, the defendant asserted that the trial court erred by failing to merge the manufacturing counts into a single conviction. We agreed. *Id.* at 163. Relying on *Merrill*, 135 Or App 408, in which we held that "the subcategory factors required for sentencing purposes are not themselves elements of the underlying offense," *id.* at 412, we concluded that, although the two manufacturing counts alleged different subcategory factors, the elements of the offenses charged in the counts were "identical" because subcategory factors were "not elements" of the offenses. *Wright*, 150 Or App at 162-63.

Under *Wright*, the trial court in this case erred by failing to merge the guilty verdicts on Count 3 and Count 4 into a single conviction. Although the trial court stated in its judgment that Count 3 "merges with Count 4 for purposes of sentencing," the trial court nevertheless entered separate convictions for the two counts, and that was error. *See State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009)

(explaining that "merger" concerns the combining of guilty verdicts on multiple counts into a single conviction); *State v. Mason*, 241 Or App 714, 718 n 4, 250 P3d 976 (2011) (stating that "the phrase 'merged for sentencing purposes' is a misnomer," which "improperly conflates two distinct parts of the criminal process: the entry of convictions and the imposition of sentences"). The trial court should have merged the guilty verdict on Count 3, for which the crime-seriousness rating is 4, into Count 4, for which the crime-seriousness rating is 8.[2]

Having concluded that the trial court erred, we further conclude that the error is "apparent" and it "appears on the face of the record," *Brown*, 310 Or at 355 (internal quotations omitted), because the point of law is not reasonably in dispute and we need not go outside the record or select among competing inferences to identify it. *See State v. Villarreal*, 266 Or App 699, 700, 338 P3d 801 (2014) (trial court's failure to merge guilty verdicts for unlawful delivery of cocaine and unlawful delivery of cocaine within 1,000 feet of a school into a single conviction was plain error). Accordingly, we have the discretion to correct it.

The factors we consider in deciding whether to exercise our discretion to correct plain error include the nature of the case, the gravity of the error, the competing interests of the parties, and the ends of justice in the particular case. *Ailes*, 312 Or at 382 n 6. We also consider the possibility that the defendant made a strategic choice not to object to the entry of two convictions, and the interests of the judicial system in avoiding "unnecessary repetitive sentencing proceedings[.]" *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

Here, we choose to exercise our discretion to correct the error for the following reasons. First, the error is grave; the presence of an additional unlawful manufacture of cocaine conviction on defendant's criminal record "misstates the nature and extent of defendant's conduct and could have

---

[2] In his brief, defendant asserted that Count 4 should merge into Count 3, apparently believing that Count 3 was the more serious offense. As the state noted in its brief, defendant's assertion may have been based on the trial court's misidentification of Count 4 as a having a crime-seriousness rating of 1, instead of 8.

significant implications with regard to any future calculation of his criminal history." *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008). Second, the state has no interest in our refusal to correct the error; indeed, it agrees that we should remand the case for entry of a judgment merging Count 3 and Count 4 and for resentencing. Third, the ends of justice are served by convicting and sentencing defendant according to the law. *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009). The trial court recognized as much when it acknowledged that some form of merger was legally required in this case.[3] Fourth, we perceive no strategic or tactical reason defendant's counsel might have had for not raising the claim of error below. Fifth, the burden on the judicial system in amending the judgment and resentencing defendant is minimal. *Id.*

Reversed and remanded with instructions to merge Count 3 into Count 4 and for resentencing; otherwise affirmed.

---

[3] As noted, in its judgment, the trial court stated that it was merging Count 3 with Count 4 "for purposes of sentencing."