PER CURIAM
*551 Defendant was convicted of unlawful delivery of methamphetamine within 1,000 feet of a school, ORS 475.892 (Count 1); unlawful delivery of methamphetamine, ORS 475.890 (Count 2); and unlawful possession of methamphetamine, ORS 475.894 (Count 3). The jury additionally found that Counts 2 and 3 involved substantial quantities of the drug. We reject defendant's first assignment of error without discussion. In his second assignment, defendant argues that the trial court erred in failing to merge the guilty verdict on Count 1 with the guilty verdict on Count 2. The state concedes that the trial court committed plain error.
We accept the state's concession that the trial court erred in failing to merge the guilty verdicts. See State v. Rodriguez-Gomez , 242 Or. App. 567, 568, 256 P.3d 169 (2011) (concluding that delivery of methamphetamine within 1,000 feet of a school merges with delivery of methamphetamine); State v. Unger , 276 Or. App. 445, 450-51, 368 P.3d 37 (2016) (explaining that the substantial-quantity subcategory factor is not an element of a crime). Furthermore, we agree that the error is plain.[1] See Unger , 276 Or. App. at 449-52, 368 P.3d 37 (concluding that the trial court plainly erred in failing to merge the guilty verdicts for manufacture of cocaine and manufacture of cocaine involving a substantial quantity); State v. Villarreal , 266 Or. App. 699, 700, 338 P.3d 801 (2014) (concluding that the trial court plainly erred in failing to merge convictions for delivery of cocaine within 1,000 feet of a school and delivery of cocaine). Finally, for the reasons stated in Unger , we conclude that it is appropriate to exercise our discretion to correct the error. 276 Or. App. at 451-52, 368 P.3d 37.
Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for one count of unlawful delivery of methamphetamine within 1,000 feet of a school; remanded for resentencing; otherwise affirmed.

Defendant argues that the error was properly preserved before the trial court and, in the alternative, that the error is plain. However, we need not decide whether the error was preserved in light of our conclusion that the error is plain.